UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RODNEY B. JONES (#305669)

VERSUS                                                             CIVIL ACTION

JAMES D. CALDWELL, JR., ET AL                      NUMBER 10-112-JVP-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on October 5, 2010.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY B. JONES (#305669)

VERSUS                                                                  CIVIL ACTION

JAMES D. CALDWELL, JR., ET AL                       NUMBER 10-112-JVP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 9. The motion is not opposed.

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Attorney General James D. Caldwell, Special Assistant Attorney General David E. Verlander, III, Assistant Attorney General John A. Ellis, Warden Steve Rader and Assistant Warden Kenneth Booty. Plaintiff alleged that the defendants conspired to deny him a fair trial in violation of his constitutional rights.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

**Applicable Law**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which

>relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id*. at 1949-50 (internal

quotation marks omitted).

## Conspiracy

Plaintiff alleged that he filed a suit in state court against various prison health care providers alleging a denial of adequate medical treatment. Plaintiff alleged that defendants Caldwell, Verlander and Ellis represented the medical care providers in the suit. Plaintiff alleged that the defendants conspired with Rader and Booty to improperly influence the state court judge to render a decision in favor of the health care providers.

To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. *Arseneaux v.Roberts*, 726 F.2d 1022 (5th Cir. 1982). The conspiracy allegations made by the plaintiff are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Arseneaux v.Roberts, supra*.

## Access to Courts

Plaintiff alleged that the defendants denied him access to the courts.

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access

3

to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Plaintiff failed to allege any facts to support his claim that he was denied access to the courts.

## Medical Indifference

Plaintiff alleged that the defendants prevented him from receiving adequate medical care for his serious injuries.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff failed to allege any facts to support his claim that he was denied medical care.

## Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts

4

may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted and this action be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and without prejudice to any state law claim.

Signed in Baton Rouge, Louisiana, on October 5, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**